<u>NOT FOR PUBLICATION</u>

<u>UNITED STATES DISTRICT COURT</u>
<u>FOR THE DISTRICT OF NEW JERSEY</u>

_____
                                           :

RENE ABREU,                           :

                                         :

            Petitioner,           :                    Civil Action No. 08-4742 (JAG)

                                         :

                           v.           :                    **OPINION**

                                       :

UNITED STATES OF AMERICA,     :

                                       :

            Respondent.         :
_____:

<u>**GREENAWAY, JR., U.S.D.J.**</u>

This matter comes before this Court on the motion filed by petitioner, Rene Abreu ("Petitioner"), to modify his federal sentence, pursuant to 28 U.S.C. § 2255 ("§ 2255 ").  First, Petitioner asserts that his sentence violates federal sentencing laws because it was imposed before the Supreme Court of the United States clarified the proper analysis for federal sentencing decisions in <u>Gall v. United States</u>, 128 S. Ct. 586 (2007) and <u>Kimbrough v. United States</u>, 128 S. Ct. 558 (2007).  Second, Petitioner claims that his sentence violates federal sentencing laws because his post-sentence rehabilitation and transformation have not been taken into consideration, pursuant to 18 U.S.C. § 3553(a).  For the reasons set forth below, Petitioner's motion is denied.

**FACTUAL BACKGROUND**

Petitioner owned and/or operated three companies related to the real estate industry:

1

Mortgage Pros, Inc., Abreu Real Estate Company, and RLA Homes, Inc.  (Superseding

Indictment Count 1, ¶ 1.)  During the course of his business operations, Petitioner orchestrated

several conspiracies including mortgage fraud, bank fraud and mail fraud.  (Superseding

Indictment.)  For example, Mortgage Pros, Inc., a mortgage brokerage company, falsified

documents to fraudulently obtain residential home mortgages from November 1992 through July

1997 from RLA Homes, a homebuilding company run by Petitioner, or Abreu Real Estate, run by

Petitioner's wife.  (Superseding Indictment, Count 1, ¶ 3.)  Petitioner also conducted a bank

fraud scheme that allowed him to create negative balances in his accounts that frequently

exceeded $1 million.  (Superseding Indictment, Count 18, ¶¶ 3-8.)  Additionally, Petitioner

illegally structured millions of dollars in cash transactions to evade the filing of currency

transaction reports by financial institutions from May 1995 through November 2000.

(Superseding Indictment, Counts 19-42.)

## PROCEDURAL HISTORY

Petitioner was indicted by a grand jury of 47 counts, involving eight separate conspiracies

and various substantive offenses surrounding his fraudulent business activities.  (Superseding

Indictment, all pars.)  A jury subsequently convicted Petitioner of 25 counts related to five of the

originally charged offenses.  On June 28, 2004 Petitioner was sentenced to an 87-month prison

term.[1]  This sentence falls at the high end of the 70-87-month guideline range established for

Petitioner.  United States v. Jimenez, 513 F.3d 62, 88 (3d Cir. 2008).

---

[1] The judgment and conviction order was entered on August 5, 2005.  (Docket Entry No.
207.)

Petitioner then appealed his sentence and conviction, both of which were affirmed by the United States Court of Appeals for the Third Circuit on January 14, 2008.  He then petitioned for a writ of certiorari before the Supreme Court of the United States, which was denied on May 12, 2008.  Petitioner filed the instant motion to modify his federal sentence, pursuant to 28 U.S.C. § 2255, on September 5, 2008.

## LEGAL STANDARDS

### I.     28 U.S.C. § 2255

Section 2255 allows a prisoner in custody to file a motion challenging the length of their sentence with the sentencing court on the grounds that: (1) the imposed sentence violated the United States Constitution or laws; (2) the court did not have jurisdiction; (3) the sentence exceeded the maximum allowed by law; or (4) the sentence is subject to collateral attack on other grounds.  See 28 U.S.C. § 2255.  "[A] motion to vacate [a] sentence under 28 U.S.C. § 2255 is addressed to the sound discretion of the district court."  United States v. Williams, 615 F.2d 585, 591 (3d Cir. 1980).  Unless it appears conclusively from the motion, files, and records that the petitioner is not entitled to relief, the district court must grant the petitioner an evidentiary hearing on the matter.  Id.

### II.    Collateral Review

Where a prisoner fails to "raise his claim on direct review, the [relief under 28 U.S.C. § 2255] is available only if the [prisoner] establishes 'cause' for the waiver and shows 'actual prejudice resulting from the alleged violation.'"  Reed v. Farley, 512 U.S. 339, 354 (1994).  "To show cause, a petitioner must establish that 'some external impediment' prevented him from

raising the claim," such as interference by officials, the unavailability of evidence at the time, or the ineffective assistance of counsel.  See Wise v. Fulcomer, 958 F.2d 30, 34 (3d Cir. 1992) (quoting McCleskey v. Zant, 499 U.S. 467, 497 (1991)).  "Prejudice exists where 'errors at trial . . . worked to [petitioner's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'"  Wise, 958 F.2d at 34 (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)).

Alternatively, where a prisoner has raised, but lost, his claim on direct review, collateral relief is available under § 2255 when the claimed error of law constitutes "a fundamental defect which inherently results in a complete miscarriage of justice."  United States v. Addonizio, 442 U.S. 178, 185 (1979).  As such, the error must be fundamental and present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent."  Davis v. United States, 417 U.S. 333, 346 (1974).

## DISCUSSION

Petitioner asserts that his sentence should be vacated for two reasons.  First, Petitioner asserts that his sentence violated federal sentencing laws because it was imposed before the Supreme Court clarified the proper analysis for federal sentencing determinations through its decisions in United States v. Gall and United States v. Kimbrough.  Second, Petitioner contends that absent meaningful consideration under 18 U.S.C. § 3553(a) of Petitioner's post-sentence rehabilitation and transformation, his current sentence violates federal sentencing laws.

For the reasons set forth below, Petitioner's motion is denied.  This Court will address each of the grounds on which Petitioner seeks to modify his federal sentence.

4

I.      **Petitioner does not demonstrate that his sentence would have been different under the Supreme Court rulings in <u>Gall</u> and <u>Kimbrough</u>.**

Petitioner's claim that his sentence violates federal sentencing laws rests on his assertion that his sentence does not take into consideration the sentencing standards set forth in <u>Gall</u> and <u>Kimbrough</u>, both of which were decided after Petitioner's sentencing.[2]  The Supreme Court in <u>Gall</u> held, in pertinent part, that an appellate court may take a "degree of variance into account" when reviewing the reasonableness of a sentence; furthermore, when reviewing sentences, the appellate court must use the deferential abuse of discretion standard.  <u>Gall</u>, 128 S. Ct. at 590.  In <u>Kimbrough</u>, the Supreme Court held that a sentencing court must give respectful consideration to the guidelines but "'permits the court to tailor the sentence in light of other [3553(a)] concerns as well.'"  <u>Kimbrough</u>, 128 S. Ct. at 561 (quoting <u>Booker v. United States</u>, 543 U.S. 220, 245-46 (2005)).

<u>Gall</u> and <u>Kimbrough</u> both reiterate the Supreme Court's ruling in <u>Booker v. United States</u>, which afforded broader discretion to sentencing courts by making the sentencing guidelines advisory.  543 U.S. at 222.  <u>Booker</u> also instructed district courts to begin the sentencing analysis with a guideline range calculation and then consideration of the 3553(a) factors.  <u>Id.</u> at 224, 245.  It furthermore required appellate courts to apply an unreasonableness standard when reviewing sentences.  <u>Id.</u>

Petitioner alleges that <u>Gall</u> and <u>Kimbrough</u> changed the sentencing structure established

---

[2] <u>Gall</u> and <u>Kimbrough</u> were decided on December 10, 2007.  <u>Gall</u>, 128 S. Ct. 586 (2007), <u>Kimbrough</u>, 128 S.Ct. 558 (2007).

5

by <u>Booker</u>.  As a result, Petitioner maintains that this Court's inability to apply the correct sentencing structure created an infirmity in the sentencing process.  While this claim is not supported by the holdings rendered in these cases, this Court must first address the procedural issue raised by the Government.

The Government argues that Petitioner's first claim, that his sentence violates federal sentencing laws absent consideration of <u>Gall</u> and <u>Kimbrough</u>, is barred because Petitioner was required to raise it on direct appeal.  Accordingly, Petitioner's failure to raise his claim on direct appeal would constitute procedural default.  <u>Bousley v. United States</u>, 523 U.S. 614, 621 (1998).  Specifically, "where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised [under section 2255] only if the defendant can first demonstrate 'cause' and actual 'prejudice.'"  <u>Id.</u> at 622.

The Third Circuit heard oral arguments on April 10, 2007 and issued its opinion on February 6, 2008.  <u>Gall</u> and <u>Kimbrough</u> were decided one and a half months before the Third Circuit issued its decision, and eight months after oral arguments.  Arguably, Petitioner had one and a half months to submit a supplemental brief raising this issue to the United States Court of Appeals for the Third Circuit.[3]  Petitioner failed to do so.  Furthermore, Petitioner does not make a showing of cause or actual prejudice that prevented him from raising this claim on direct appeal.  Notwithstanding Petitioner's procedural default, this Court will, in an abundance of caution, address this claim on the merits.

---

[3] This Court cannot opine as to whether or not the Third Circuit would have allowed supplemental briefing, at that point in time.

Although <u>Gall</u> and <u>Kimbrough</u> were decided after Petitioner's sentencing, these cases only clarify, but do not modify, the sentencing procedures set forth in <u>Booker</u>.  That is, the court must first calculate the appropriate guideline range for the given offense(s) and then evaluate the § 3553(a) factors.  <u>Booker</u>, 543 U.S. at 224, 245.  The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed-
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for [] the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
> (5) any pertinent policy statement [] issued by the Sentencing Commission . . . subject to any amendments made to such policy statement by act of Congress . . . and [] that, except as provided in section 3472(g), is in effect on the date the defendant is sentenced;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

A sentencing court is not required, however, "to discuss and make findings of each of the 3553(a) factors if the record makes clear the court took the factors into account in sentencing . . . " <u>United States v. Cooper</u>, 437 F. 3d 324, 326 (3d Cir. 2006), <u>abrogated on other grounds by</u> <u>United States v. Wells</u>, 279 F. App'x 100 (3d Cir. 2008).

The record clearly indicates that this Court followed the procedures under <u>Booker</u> and acted within its discretion in sentencing Petitioner to an 87-month prison term.  (<u>See</u> Tr. of

Sentencing, June 28, 2008, 389:4-14; 403:19-406:20 [hereinafter "Sent. Tr."].)[4]  Under <u>Gall</u> and

<u>Kimbrough</u>, it is sufficient that this Court took the <u>Booker</u> procedures into consideration when

determining Petitioner's sentence.

       This Court's consideration of the sentencing discretion afforded under <u>Booker</u>, <u>Gall</u>, and

---

     [4] This Court calculated the appropriate guideline range and then considered the § 3553(a) factors:

> The specific guideline calculus would, therefore, be base offense level, pursuant to 2F1.1(a), six levels.  Loss, pursuant to 2F1.1(b)(1)(N), plus 13.  More than minimal planning/more than one victim, 2F1.1(b)(2), plus two.  Aggravating role, 3B1.3, plus 2 . . . Which would be a total of 27, given a criminal history category of one and employing the 2000 book . . .  Now, in attempting to take into account the factors that are to be considered in arriving at an appropriate sentence, those factors state, in 3553(a), that the Court take into account, or consider, the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

(Sent. Tr. 389:4-14; 403:19-404:5.)  As to the nature and circumstances of the offense, this Court observed that "it's clear that you employed those that you knew, in some cases loved, those who you had influence over to do their bidding for you" and that this did not "speak[] well within the considerations that one should have in trying to come up with the appropriate sentence."  (Sent. Tr. 404:8-17.)  With regard to relevant conduct, this Court observed "it's certainly appropriate for the Court to consider the instructions that you gave others with regard to each of these charged conspiracies and the substantive counts as well;" and "it's clear that there were efforts to cover matters up, and when one is trying to consider what is an appropriate sentence, I believe that's a critical factor."  (Sent. Tr. 404:21-24; 405:2-5.)  Defendant's counsel brought to this Court's attention defendant's religious involvement and his leadership in the community in the form of a letter written by Pastor Landry.  (Sent Tr. 405:10-11.)  This Court observed that "[this letter] cannot hold sway at this time given the overwhelming evidence, in my judgment, of your leadership in each of these separate conspiracies and criminal enterprises."  (Sent Tr. 405:14-16.)

<u>Kimbrough</u> during Petitioner's sentencing hearing is further evidenced in the record.  (Sent. Tr. 405:24-406:2.)[5]  Moreover, because Petitioner's sentence falls within the proscribed 70-87 month incarceration period, dictated by the sentencing guidelines, it therefore enjoys a presumption of reasonableness.  <u>United States v. Rita</u>, 127 S. Ct. 2456, 2457 (2007) (holding that "a court of appeals may apply a presumption of reasonableness to a district court sentence within the Guidelines").  Even in light of the Supreme Court's decisions in <u>Gall</u> and <u>Kimbrough</u>, this Court did everything required by these cases.  Since there is no evidence of a constitutional error in Petitioner's sentence, it is in compliance with federal sentencing laws.

## II.    Petitioner's post-sentence rehabilitative efforts are not exceptional enough to warrant modification of his sentence.[6]

Petitioner contends that absent consideration of his post-conviction rehabilitation efforts under 18 U.S.C. § 3553(a), his sentence violates federal sentencing laws.  Specifically, he argues that this Court invited Petitioner to offer evidence of his post-sentence rehabilitation by commenting that

> There's an often used and hackneyed phrase that, to those that much is given,

---

[5] This Court stated:

There is frankly, no way, in my judgment, exercising the discretion that I am now afforded given recent Supreme Court precedent, to exercise any of that discretion in a manner that would inure to [Petitioner's] benefit.

[6] In Petitioner's initial brief he references his "post-sentence" rather than "post-conviction" behavior as the basis for a resentencing.  However, the supporting evidence he refers to is that of his post-sentence rehabilitation efforts. (Rene Abreu's Br. in Support of Mot. Under 28 U.S.C. § 2255 to Modify his Federal Sentence 12-14.)

much is expected.

Well I'm sure that whoever is the entity, person, or being that's given you a lot is now waiting for some of that in return.  And I also wait for that to come, because so far it hasn't.[7]

(Sent. Tr. 406:11-16.)[8]

Post-conviction rehabilitation is considered a relevant factor in granting a downward departure when "the [rehabilitation] efforts are so exceptional as to remove the particular case from the heartland in which the acceptance of responsibility guideline was intended to apply." United States v. Sally, 116 F.3d 76, 80 (3d Cir. 1997).  Furthermore, "at a minimum, there must be evidence demonstrating that a defendant has made concrete gains toward 'turning his life around' before a sentencing court may properly rely on extraordinary post-conviction rehabilitation efforts. . . " Id. at 81.  However "the rehabilitation does not, in itself, provide grounds for resentencing."  United States v. Gallagher, No. 97-6056, 1998 WL 42282 at *5 (E.D.Pa. Jan. 9, 1998).  Some courts maintain that "'[p]ost-sentencing events or conduct simply are not relevant to [the post-Booker resentencing] inquiry.'"  United States v. Lloyd, 469 F.3d

---

[7] The government argues that since this issue was not raised on direct appeal, it is barred. Unfortunately for Petitioner, his rehabilitation efforts did not occur until after his direct appeal had been resolved.  As such, this claim is not barred since these facts could not have been brought to the attention of the Court of Appeals.

[8] This is not an invitation to open the evidentiary record, but merely a statement pointing out Petitioner's failure to make a positive contribution.  It is not an entreaty to raise this issue later.

10

319, 324 (3d Cir. 2006) (quoting <u>United States v. Worley</u>, 453 F.3d 706 (6th Cir. 2006)).[9]

Petitioner points to his various accomplishments, such as certificates of achievement for his performance, service, and contribution to numerous programs and activities, during his incarceration at FCI Fairton, to support this claim.  While these efforts may evidence earnest efforts at rehabilitation, it is evident to this Court that neither <u>Sally</u> nor any other authority condones post-sentence, as opposed to post-conviction, rehabilitation efforts as a basis for a resentencing, resulting in a downward departure.  Even if <u>Sally</u> did allow for such consideration (which it does not), Petitioner's efforts are not "exceptional" enough to demonstrate that he should be rewarded for these efforts with a modification of his sentence.

This Court's analysis during Petitioner's sentencing hearing referenced post-indictment efforts brought to this Court's attention, which were taken into consideration when sentencing Petitioner.  (Sent. Tr. 405:10-406:20.)  These comments were not intended as a means for Petitioner to seek resentencing based on post-sentencing conduct.  Furthermore, Petitioner does not point to any authority, nor is this Court aware of any, that allows post-sentence rehabilitation to be the sole basis for granting a resentencing hearing.  There is no basis for the relief that Petitioner seeks.

---

[9] Additionally, the Third Circuit in <u>United States v. Lloyd</u> noted that "our opening for consideration of post-sentencing rehabilitation efforts is narrow for we reiterate our view that a court, except in unusual cases, should consider only conduct and circumstances in existence at the time of the original sentencing when it resentences following a <u>Booker</u> remand."  469 F. 3d at 325.

11

**CONCLUSION**

For the foregoing reasons, this Court shall deny Petitioner's motion seeking to modify his sentence, pursuant to 28 U.S.C. § 2255.  None of the claims asserted warrant the grant of a modification.   Petitioner has not demonstrated that his sentence would have been different under Gall and Kimbrough or that his post-sentence rehabilitation efforts warrant a downward departure.  Also, Petitioner has failed to show a basis for a resentencing hearing.  Accordingly, his motion is denied.

Since Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue, pursuant to 28 U.S.C. § 2253.

Dated: August 25, 2009

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

12